UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ASHLEY DIXON,
----------------------------------X



## MEMO ENDORSED

07CR 1160 (PKC)

Your Honor this document is based upon information and belief. On this date March 16th. 2008, the defendant Ashley Dixon seeks a voluntariness hearing to be scheduled at the courts earliest convience. The matter at hand stems from the alleged unvoluntary statements made to the undersigned officer in question. The defendant is seeking to met and discuss these imerative matters with his attorney, and would merely suggest for the record that Your Honor be made aware of the facts of law in which surround the indictment # 07-cr.-01160.

Your Honor I respectfully would like to question the term interogation. The term interogation includes express questioning of the suspect and its " functional equivalent" meaning any words or actions on the part of the police ( other then those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response.

I mention these facts of law to demonstrate what transpired on the date in question when these officers entered into the residence and placed each occupant at the time to remain in an directed place and anwser questioning that ultimately would cooerce and elicit incriminating statements, I bring to the court attentin the fact that this indeed has taken place absent the pre-requisute of MIRANDA WARNINGS.

The pro se motion by defendant, unaccompanied by a supporting affidavit, is denied without prejudice to its renewal before counsel upon to renew the issue in the court. SO ORDERED. /s/ P. Kevin Castel USDJ 3-31-08

A defendant has the right to challenge the voluntariness of a confession in order to reliably demonstrate before the court the violations of the officers who in which we depend on to follow procedures and constitutions afforded to citizens. It is noted that when a confession is offered "the trial judge shall, out of the presence of the jury determine any issue as to voluntariness" Citing facts of law made within KABA 999, F2d 47, 50 (2d CIR. 1993) and OLIVER 626 F2d 254,260 (2d CIR. 1980)

In evaluating voluntariness of confessions, court looks to totality of circumstances in which confession was given to determine whether undersigned officers conduct was such as to overbear defendants will to resist and to bring about confessions not freely self-determined.

I interpret this to mean an officer can not interogate a possible offender and coerce him by stating that if the offender does not say a weapon is his then the defendants mother would otherwise be arrested for the weapon. this altered the defendants will to voluntarily confess. Further arguements will be made via my attorney concerning the involuntary confession, the defendant will then seek to have the confession suppressed, and the matter regarding miranda warnings heard on the record .

The deft. ask that a copy of this documented motion be stamped and returned for the record, and a date to in which hear the aforementioned argument added to the docket.

<u>RESPECTFULLY SUBMITTED</u>

**ASHLEY DIXON,07-cr-01160**
M.D.C. BROOKLYN
P.O.BOX 329002
BROOKLYN N.Y. 11232
**60584-054   unit G-42**