```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :    INDICTMENT

          - v. -                 :    S1 07 Cr. 1160 (PKC)

ASHLEY DIXON,                    :
  a/k/a "Juicy,"
CHRISTOPHER SINCLAIR,            :
  a/k/a "Rush,"
                                 :
          Defendants.
- - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

COUNT ONE

The Grand Jury charges:

1. From at least in or about 2004, up to and including in or about December 2007, in the Southern District of New York and elsewhere, ASHLEY DIXON, a/k/a "Juicy," and CHRISTOPHER SINCLAIR, a/k/a "Rush," the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that ASHLEY DIXON, a/k/a "Juicy," and CHRISTOPHER SINCLAIR, a/k/a "Rush," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 50 grams and more of mixtures and substances containing a detectable amount of cocaine base in a form commonly known as "crack," in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

Overt Acts

3.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a.   On or about September 12, 2007, ASHLEY DIXON, a/k/a "Juicy," the defendant, possessed 26 slabs of crack cocaine in a plastic bag.

    b.   In or about the summer of 2007, CHRISTOPHER SINCLAIR, a/k/a "Rush," the defendant, provided ASHLEY DIXON, a/k/a "Juicy," the defendant, with a quantity of crack cocaine for distribution in the Bronx, New York.

(Title 21, United States Code, Section 846.)

COUNT TWO

The Grand Jury further charges:

4.   From at least in or about 2004, up to and including in or about December 2007, in the Southern District of New York and elsewhere, ASHLEY DIXON, a/k/a "Juicy," and CHRISTOPHER SINCLAIR, a/k/a "Rush," the defendants, unlawfully, willfully, and knowingly, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the offense charged in Count One of this Indictment, did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, to wit, DIXON and

SINCLAIR used, carried, and possessed semi-automatic pistols and other firearms in the Bronx, New York, during and in relation to a conspiracy to distribute "crack" cocaine.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

## COUNT THREE

The Grand Jury further charges:

5. In or about December 2007, in the Southern District of New York, CHRISTOPHER SINCLAIR, a/k/a "Rush," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, SINCLAIR, and others known and unknown, agreed together to rob Diamond City, a jewelry store located at 2496 Grand Concourse, Bronx, New York.

### Overt Act

6. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York:

   a. On or about December 31, 2007, CHRISTOPHER SINCLAIR, a/k/a "Rush," the defendant, and others known and

unknown, attempted to rob Diamond City, a jewelry store located at 2496 Grand Concourse, Bronx, New York.

(Title 18, United States Code, Section 1951.)

## COUNT FOUR

The Grand Jury further charges:

7. On or about December 31, 2007, in the Southern District of New York, CHRISTOPHER SINCLAIR, a/k/a "Rush," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did attempt to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would thereby have obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, SINCLAIR, and others known and unknown, entered Diamond City armed with handguns and attempted to steal jewelry.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT FIVE

The Grand Jury further charges:

8. On or about December 31, 2007, in the Southern District of New York, CHRISTOPHER SINCLAIR, a/k/a "Rush," the defendant, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the attempted robbery charged in Count Four of this Indictment, did use and carry a

firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of firearms, which firearms were brandished during the attempted robbery of Diamond City in the Bronx, New York.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 924(c)(1)(C)(i), and 2.)

## COUNT SIX

The Grand Jury further charges:

9. On or about August 19, 2007, in the Southern District of New York, CHRISTOPHER SINCLAIR, a/k/a "Rush," the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit, (1) a conviction on or about November 17, 2005, in New York Supreme Court, Kings County, for attempted criminal possession of a weapon in the third degree, in violation of New York Penal Law, Section 265.02, and (2) a conviction on or about February 1, 2001, in New York Supreme Court, Kings County, for attempted robbery in the second degree, in violation of New York Penal Law, Section 160.10, unlawfully, willfully, and knowingly, did possess in and affecting commerce, a firearm, to wit, a 9mm semi-automatic Browning handgun, which had previously been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Section 922(g)(1).)

COUNT SEVEN

The Grand Jury further charges:

10. On or about November 16, 2007, in the Southern District of New York, ASHLEY DIXON, a/k/a "Juicy," the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit, a conviction on or about April 18, 2007, in New York Supreme Court, Bronx County, for criminal possession of a loaded firearm in the third degree, in violation of New York Penal Law, Section 265.02, unlawfully, willfully, and knowingly, did possess in and affecting commerce, a firearm, to wit, a CZ-52 model 7.62 x 25 semi-automatic handgun imported by Intrac, and ammunition, to wit, six rounds of 7.62 x 25 ammunition, which had previously been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Section 922(g)(1).)

Forfeiture Allegation

11. As a result of committing the controlled substance offense alleged in Count One of this Indictment, ASHLEY DIXON, a/k/a "Juicy," and CHRISTOPHER SINCLAIR, a/k/a "Rush," the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One

6

of this Indictment.

<u>Substitute Asset Provision</u>

12. If any of the above-described forfeitable property, as a result of any act or omission of ASHLEY DIXON, a/k/a "Juicy," and CHRISTOPHER SINCLAIR, a/k/a "Rush," the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of DIXON and SINCLAIR, the defendants, up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1) and 853.)

_____  
FOREPERSON

_____  
MICHAEL J. GARCIA  
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ASHLEY DIXON,
CHRISTOPHER SINCLAIR,

Defendants.

INDICTMENT

S1 07 Cr. 1160 (PKC)

(21 U.S.C. § 846; 18 U.S.C. §§ 924(c)(1),
922(g)(1), & 1951.)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

Foreperson.